## MICHAEL THOMPSON *v.* J. P. HOGE, AND S. M. WIL-SON.

RESOLUTION TO GRADE STREET IN SAN FRANCISCO.—A resolution of the Board of Supervisors of the City and County of San Francisco, declaratory of intention to grade a street, must be presented to the President of the Board for his approval.

CASE AFFIRMED.—*Creighton* v. *Manson*, 27 Cal. 613, affirmed as to necessity of a resolution of the Board of Supervisors of San Francisco of intention to grade a street being presented to the President of the Board for his signature.

APPEAL from the County Court, City and County of San Francisco.

This action was brought to recover of the defendants the amount of an assessment levied on a lot belonging to the defendants in San Francisco by the Superintendent of Public Streets and Highways, to pay the plaintiff for his services in grading the street in front of the lot.

Plaintiff recovered judgment in the Court below, and the defendants appealed.

*D. S. Wilson*, and *S. McConnell*, for Appellants.

*C. H. Parker*, for Respondent.

By the Court, RHODES, J.:

One of the points upon which the defendants rely, is that the resolution of intention to grade the street, which was passed by the Board of Supervisors in March, 1862, was not presented to the President of the Board of Supervisors for his approval, and is therefore void. The point was considered in *Creighton* v. *Manson*, 27 Cal. 613, 628, and it was there held that the Consolidation Act required the resolution to be presented to the President of the Board of Supervisors, because it was in substance a legislative act and must be passed in the

mode prescribed by law for the passage of an ordinance. Upon the authority of that case the judgment must be reversed.

SAWYER, J., concurring specially :

In *Creighton* v. *Manson*, I dissented from the construction given to sections forty and sixty-eight of the Consolidation Act. The members of the Court who concurred in the decision on that point in *Creighton* v. *Manson*, after further discussion have affirmed the ruling at the present term in *Creighton* v. *Lawrence*. I regard the point as now finally settled and not open to further discussion. On this ground I concur in the judgment.